---

## SMITH *et al. v.* HINES.

1. Where an executor held promissory notes due by another to the estate of the testator, which might, with pioper diligence, have been collected, but destroyed the same " for the benefit of the debtor's children," who were grandchildren of the testator and nieces of the executor, his purpose, which he disclosed to the debtor, being to prevent a sale of the latter's property in satisfaction of the notes, to which the debtor consented, but neither received the notes nor made to the executor any promise or pledge whatever, no trust was raised in favor of the debtor's children, and he is not liable to them in an action for the value of the notes thus disposed of. This is so although the executor, after his discharge as such, gave to the debtor a receipt which falsely stated the payment in full of the notes to the executor.
2. There was no error in granting a nonsuit.    *Judgment affirmed.*
   July 17, 1893.

Complaint. Before Judge JANES. Polk superior court. August term, 1892.

Mrs. Smith and Mrs. Burge sued their father to recover the value of certain promissory notes which they alleged he received in trust for their use and benefit. A nonsuit was granted. The portion of the evidence which is material here, is the testimony of the executor of Mitchell, the grandfather of plaintiffs, in brief as follows: As executor he held defendant's notes due the estate of Mitchell, and withheld a part of them for the benefit of defendant's children; did not deliver the notes to anybody, but destroyed them on account of defendant's children and for their benefit. He did not deliver any of them to defendant, but told defendant he would hold them, and the land should not sell, on account of defendant's children; and defendant consented. He did not require defendant to make any pledge that defendant would use it for the benefit of his children, but expressly told him that what witness did was for their benefit, as witness had confidence in defendant that he would use said means for the benefit of his children. Witness considered the notes worth their face value. Defendant never denied but admitted that he owed them. $1,500 of them could have been collected, as they were given for land; and witness thinks the balance could, but does not certainly know. Defendant made no payments to witness except two mules and an interest in a still, worth about $300, and was not authorized by witness to pay any one else. About two years after witness was discharged as executor, defendant and one Harris asked witness to give defendant a receipt against the claims witness once held against defendant, which belonged to testator's estate; and witness gave defendant the receipt asked for. There was no writing between them except the receipt. Defendant paid nothing at the

time this receipt was given.    Witness's sister had been informed of the fact that witness had withheld defendant's notes from the receiver, and was making some fuss about it; hence defendant wanted a showing.    When the receipt was given, defendant said it was for his protection he wanted it.    Witness did it for the benefit of defendant's children.    He thought what he did was in their interest, and defendant understood it the same way. There was no special agreement mentioned at that time. Defendant said he wanted it to protect him against the creditors of testator.    Witness told defendant he would withhold the notes and do away with them.    Never gave defendant credit for $400 paid Thomas Mitchell on one of the notes; defendant made no such payment.    There was no settlement between witness and defendant; he did give defendant a receipt; told him he would make way with the notes, for they would not bother him; told him that he owed witness nothing as executor.    There was no compromise, and defendant never turned over any notes or accounts against witness or testator's estate. He did not tell defendant that the notes were lost, but did give him a receipt against them.    Did not tell him he would turn the notes over to him if they were found; and does not know that defendant was not to hold the notes in trust for his children, and that after the settlement the notes, if ever found, were to be turned over to defendant to do as he pleased with them.    Defendant never was in possession of the notes; and they were not returned but were destroyed.

I. F. THOMPSON and BROYLES & SON, for plaintiffs.
BLANCE & NOYES, for defendant.